# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CR-98-183-R |
| ) | |
| WILLIAM GENE EATON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On April 25, 2016, Defendant Eaton filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. No. 285), which he sought to amend on April 29, 2016 (Doc. No. 287). Defendant has heretofore filed a number of motions pursuant to 28 U.S.C. § 2255, and accordingly, he may not file another such motion without leave of the Tenth Circuit Court of Appeals. 28 U.S.C. § 2255(h). Thus, the question presented is whether the Court should transfer or dismiss the instant motion, which raises a claim under *Johnson v. United States*, --- U.S. ---, 135 S.Ct. 2551 (2015).

The Supreme Court recently determined that its decision in *Johnson* announced a substantive rule that applies retroactively on collateral review. *Welch v. United States*, --- U.S.---, 136 S.Ct. 1257 (2016). Prior to that decision, this Court would have dismissed a Johnson claim raised in a second or successive petition for want of jurisdiction, without consideration of transfer in light of the Tenth Circuit's conclusion that *Johnson* did not apply retroactively. *In re Gieswein*, 802 F.3d 1143 (10th Cir. 2015). Although *Welch* creates the potential for transferring this action to the Tenth Circuit, the Court declines to exercise its discretion to do so. There is no concern that Mr. Eaton's claim under *Johnson* will be time barred if this Court requires him to

start anew at the Circuit. Furthermore, it should have been apparent to Defendant at the time he filed the most recent motion that he was first required to seek leave from the Tenth Circuit in light of his history of filing successive petitions in this Court. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Accordingly, Defendant's Section 2255 Motion is hereby DISMISSED FOR LACK OF JURISDICTION. The Motion to Amend is hereby DENIED AS MOOT.

IT IS SO ORDERED this 2nd day of May, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE